**CT Corporation**

**Service of Process Transmittal**
03/31/2021
CT Log Number 539307556

| | |
|---|---|
| **TO:** | Tonya Anderson<br>JPMorgan Chase Bank, N.A.<br>700 KANSAS LN<br>MONROE, LA 71203-4774 |
| **RE:** | **Process Served in Texas** |
| **FOR:** | JPMorgan Chase Bank, National Association  (Domestic State: OH) |

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | CHARLES LEE LEWIS, PLTF. vs. JPMORGAN CHASE BANK NATIONAL ASSOCIATION, ETC., DFT. |
| **DOCUMENT(S) SERVED:** | - |
| **COURT/AGENCY:** | None Specified<br>Case # DC2103438 |
| **NATURE OF ACTION:** | - |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Dallas, TX |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 03/31/2021 at 01:26 |
| **JURISDICTION SERVED:** | Texas |
| **APPEARANCE OR ANSWER DUE:** | None Specified |
| **ATTORNEY(S) / SENDER(S):** | None Specified |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 04/01/2021, Expected Purge Date: 05/01/2021<br><br>Image SOP |
| **REGISTERED AGENT ADDRESS:** | C T Corporation System<br>1999 Bryan Street<br>Suite 900<br>Dallas, TX 75201<br>800-448-5350<br>MajorAccountTeam1@wolterskluwer.com |

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.

**Wolters Kluwer**

# PROCESS SERVER DELIVERY DETAILS

**Date:** Wed, Mar 31, 2021

**Server Name:** David Barberena

| Entity Served | JPMORGAN CHASE BANK, NATIONAL ASSOCIATION |
|---|---|
| Agent Name | C T CORPORATION SYSTEM |
| Case Number | DC2103438 |
| Jurisdiction | TX |



FORM NO. 353-3 - CITATION
THE STATE OF TEXAS

To:   JPMORGAN CHASE BANK NATIONAL ASSOCIATION
      ITS REGISTERED AGENT C T CORPORATION SYSTEM
      1999 BRYAN STREET SUITE 900
      DALLAS TX 75201-3136

GREETINGS:
You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10 o'clock a.m. of the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you. In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit. These disclosures generally must be made no later than 30 days after you file your answer with the clerk. Find out more at TexasLawHelp.org. Your answer should be addressed to the clerk of the **101st District Court** at 600 Commerce Street, Ste. 101, Dallas, Texas 75202.

Said Plaintiff being **CHARLES LEE LEWIS**

Filed in said Court **16th day of March, 2021** against

**JPMORGAN CHASE BANK NATIONAL ASSOCIATION**

For Suit, said suit being numbered **DC-21-03438**, the nature of which demand is as follows:
Suit on **OTHER PERSONAL INJURY** etc. as shown on said petition, a copy of which accompanies this citation. If this citation is not served, it shall be returned unexecuted.

WITNESS: FELICIA PITRE, Clerk of the District Courts of Dallas, County Texas.
Given under my hand and the Seal of said Court at office this 23rd day of March, 2021.

ATTEST: FELICIA PITRE, Clerk of the District Courts of Dallas, County, Texas

By_____, Deputy
       COURTNEY RUTLEDGE



---

**ESERVE**

**CITATION**

DC-21-03438

**CHARLES LEE LEWIS**
vs.
**JPMORGAN CHASE BANK NATIONAL ASSOCIATION**

ISSUED THIS
**23rd day of March, 2021**

FELICIA PITRE
Clerk District Courts,
Dallas County, Texas

By: COURTNEY RUTLEDGE, Deputy

**Attorney for Plaintiff**
**KRISTINA N. KASTL**
ATTN KASTL LAW PC
4144 N CENTRAL EXPY STE 1000
DALLAS TX 75204
214-821-0230
ESERVICE@KASTLLAW.COM

**DALLAS COUNTY**
**SERVICE FEES**
**NOT PAID**

# OFFICER'S RETURN

Case No. : DC-21-03438

Court No. 101st District Court

Style: CHARLES LEE LEWIS

vs.

JPMORGAN CHASE BANK NATIONAL ASSOCIATION

Came to hand on the _____ day of _____, 20_____, at _____ o'clock _____.M. Executed at _____,

within the County of _____ at _____ o'clock _____.M. on the _____ day of _____,

20_____, by delivering to the within named _____

_____

each in person, a true copy of this Citation together with the accompanying copy of this pleading, having first endorsed on same date of delivery. The distance actually traveled by me in serving such process was _____ miles and my fees are as follows:   To certify which witness my hand.

|  |  |  |  |
|---|---|---|---|
| For serving Citation | $_____ | _____ |  |
| For mileage | $_____ | of _____ County, _____ |  |
| For Notary | $_____ | By _____ Deputy |  |

(Must be verified if served outside the State of Texas.)

Signed and sworn to by the said _____ before me this _____ day of _____, 20 _____,

to certify which witness my hand and seal of office.

_____

Notary Public _____ County _____

Case 3:21-cv-00941-N   Document 1-1   Filed 04/26/21   Page 5 of 12   PageID 8

FILED
3/16/2021 9:12 PM
FELICIA PITRE
DISTRICT CLERK
DALLAS CO., TEXAS
Alicia Mata DEPUTY

1 CIT/ESERVE

CAUSE NO. DC-21-03438

| | | |
|---|---|---|
| CHARLES LEE LEWIS,<br>    Plaintiff, | § § § | IN THE DISTRICT COURT |
| v. | § § § | 101st ____ JUDICIAL DISTRICT |
| JPMORGAN CHASE BANK<br>NATIONAL ASSOCIATION D/B/A<br>CHASE BANK,<br>    Defendant. | § § § § § | DALLAS COUNTY, TEXAS |

## PLAINTIFF'S ORIGINAL PETITION AND JURY DEMAND

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES CHARLES LEE LEWIS, hereafter "Plaintiff", complaining of and about JPMORGAN CHASE BANK NATIONAL ASSOCIATION D/B/A CHASE BANK, hereafter "Defendant," and files this Plaintiff's Original Petition and Jury Demand, and in support thereof, would respectfully show unto the Court as follows:

### DISCOVERY CONTROL PLAN LEVEL

1. Plaintiff brings this action under Texas Rule of Civil Procedure 47(c)(5) and seeks monetary relief over $250,000.00 but not more than $1,000,000.00. Plaintiff intends that discovery be conducted under Discovery Level 3.

### PARTIES AND SERVICE

2. Plaintiff, **CHARLES LEE LEWIS**, is an individual residing in Dallas County, Texas. Pursuant to §30.014 of the Texas Civil Practice & Remedies Code, Plaintiff states that the last three numbers of his social security number are 333.

3. Defendant **JPMORGAN CHASE BANK, NATIONAL ASSOCIATION**, is a foreign financial institution doing business in the State of Texas, and may be served with process by serving its registered agent: C T Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas

75201-3136, or wherever the agent may be found. **Issuance of a citation is requested at this time to include language that "Defendant may be required to make initial disclosures."**

## JURISDICTION AND VENUE

4. The subject matter in controversy is within the jurisdictional limits of this Court.

5. This Court has jurisdiction over the parties, because said Defendant purposefully availed itself of the privilege of conducting activities in the State of Texas and established minimum contacts sufficient to confer jurisdiction over said Defendant, and the assumption of jurisdiction over Defendant will not offend traditional notions of fair play and substantial justice and is consistent with the constitutional requirements of due process.

6. Further, as required by Rule 47(b), Texas Rules of Civil Procedure, Plaintiff's counsel states that the damages, harms and losses sought are in an amount within the jurisdictional limits of this Court. Plaintiff is required by Rule 47(c), Texas Rules of Civil Procedure to state the amount of damages, in dollar amount, that represent Plaintiff's harms and losses due to the negligence of the Defendant. The legislative history of this requirement indicates that it is for record keeping and statistical purposes only for lawsuits filed in the State of Texas. Plaintiff's counsel states that Plaintiff seeks monetary relief, the maximum of which harms, losses and damages to Plaintiff is over $250,000.00 but not more than $1,000,000. The amount of monetary relief actually assessed by the jury or judge, however, will ultimately be determined by a jury or judge after hearing all of the evidence of harms, damages and losses. Plaintiff also seeks pre-judgment and post-judgment interest at the highest legal rate as well as exemplary damages.

7. Venue in Dallas County is proper in this cause under Section 15.002(a)(1) of the Texas Civil Practice and Remedies Code because all or a substantial part of the events or omissions giving rise to this lawsuit occurred in this county.

## MISNOMER/ALTER EGO

8. In the event any parties are misnamed or are not included herein, it is Plaintiff's contention that such was a "misidentification," "misnomer," and/or such parties are/were "alter egos" of parties named herein. Alternatively, Plaintiff contends that such "corporate veils" should be pierced to hold such parties properly included in the interest of justice.

## FACTS

9. On or about March 16, 2019, Plaintiff **CHARLES LEE LEWIS** was an invitee at **JPMORGAN CHASE BANK NATIONAL ASSOCIATION D/B/A CHASE BANK** located at 1522 W. Pleasant Run Rd., Lancaster, Dallas County, Texas 75146 (hereafter "Premises"). On the date of the occasion in question, Plaintiff was attempting to exit the Premises and as he was pushing the door open, the mat he was stepping on slid causing him to lose balance and the door slammed on his face and body knocking him down to the floor and damaged his walker. At the time of the occurrence which makes the basis of this lawsuit, the Defendant **JPMORGAN CHASE BANK NATIONAL ASSOCIATION D/B/A CHASE BANK,** by and through its agents, employees, and representatives, exclusively managed, controlled, owned, and/or possessed the premises in question. Defendant's failure to warn and/or to timely remedy the hazardous condition of the unsteady mat on the floor was the proximate cause of the Plaintiff's injuries and damages.

## CAUSES OF ACTION

10. Defendant, **JPMORGAN CHASE BANK NATIONAL ASSOCIATION D/B/A CHASE BANK,** as owner, operator and manager of the premises in question, and by and through its employees and/or actual, apparent, ostensible or estoppel agents and/or representatives, at all times material hereto, owed a duty to act as a reasonable and prudent property owner, operator and/or management company would have done under the same or similar circumstances.

Defendant was negligent and such negligence is the proximate cause of Plaintiff's injuries and damages.

11. Defendant breached its duties by, among other acts and/or omissions, as follows:

   a. Creating a condition on the premises which posed an unreasonable risk of harm to individuals such as Plaintiff;

   b. Permitting an unreasonably dangerous condition which Defendant knew, or in the exercise of ordinary care should have known about, to exist on the premises in areas which Defendant knew that persons such as Plaintiff are likely to suddenly and unexpectedly encounter without warning and that constitute a hazard and risk of personal injury;

   c. In choosing not to conduct reasonable inspections of the Defendant's premises in order to discover the condition on the premises which posed an unreasonable risk of harm to individuals such as Plaintiff;

   d. In choosing not to warn Plaintiff of the condition on the premises which posed an unreasonable risk of harm to individuals such as Plaintiff;

   e. In choosing not to make safe a condition on the premises which Defendant knew, or in the exercise of ordinary care should have known, posed an unreasonable risk of harm to individuals such as Plaintiff;

   f. In choosing not to replace the unsteady mat on the premises in question, which posed an unreasonable risk of harm to individuals such as Plaintiff; and,

   g. In choosing not to timely and properly remedy the condition so as to prevent harm or injury to others such as Plaintiff.

12. At the time of the occurrence which makes the basis of this lawsuit, Defendant was the owner, operator, and/or the manager of the Premises located at 1522 W. Pleasant Run Rd., Lancaster, Dallas County, Texas 75146.

13. Plaintiff was at and/or on Defendant's premises with Defendant's knowledge and for their mutual benefit.

14. A condition on Defendant's premises posed an unreasonable risk of harm. Specifically, the unsteady mat on the floor on the Defendant's premises created a dangerous and

hazardous condition proximately causing the occurrence in question.

15. Defendant knew or reasonably should have known of the dangerous condition existing on the premises in question.

16. Defendant had a duty to use ordinary care to ensure that the premises did not present a danger to Plaintiff. This duty includes the duty to inspect and the duty to warn or to cure. Defendant breached the duty of ordinary care by choosing not to remedy the unsafe and unsteady mat on Defendant's premise.

17. Defendant was also negligent in the hiring, supervision, training, and retaining its employees who cause and/or fail to remedy the unreasonably dangerous condition.

18. Plaintiff will show that Defendant failed to exercise ordinary care in performing such duty. The acts and/or omissions of Defendant described above by which Defendant breached such duties constitutes a proximate cause of Plaintiff's damages described more fully below, for which Defendant is liable to Plaintiff.

19. Each of such acts and/or omissions, singularly or in combination with others, are a proximate cause of the occurrence and damages sustained by Plaintiff, for which Plaintiff prays judgment of this Court in an amount within the jurisdictional limits of this Court.

## RESPONDEAT SUPERIOR

20. The employees, and/or actual, apparent, ostensible or estoppel agents and/or representatives of Defendant **JPMORGAN CHASE BANK NATIONAL ASSOCIATION D/B/A CHASE BANK,** were acting in the course and scope of their respective employment and were within Defendant's general authority, in furtherance of Defendant's business, and for the accomplishment of the object for which Defendant's employees were hired. Defendant is therefore liable under the theory of *Respondeat Superior*. Therefore, Defendant is liable to Plaintiff for the

damages proximately caused by the acts and omissions of its employees, and/or actual, apparent, ostensible or estoppel agents and/or representatives.

## DAMAGES

21. As a direct and proximate result of the Defendant's negligence, Plaintiff was caused to suffer bodily injury and damages, and to incur the following damages:

   a. Medical care expenses sustained in the past;

   b. Medical care expenses that, in reasonable probability, Plaintiff will sustain in the future;

   c. Physical pain and mental anguish sustained in the past;

   d. Physical pain and mental anguish which, in reasonable probability, will be suffered in the future;

   e. Physical impairment in the past;

   f. Physical impairment which, in reasonable probability, will be suffered in the future;

   g. Loss of earnings in the past;

   h. Loss of earning capacity that, in reasonable probability, Plaintiff will sustain in the future; and

   i. Damage to Plaintiff's walker.

22. For the above reasons, Plaintiff has suffered losses and damages in a sum within the jurisdictional limits of the Court and for which this lawsuit is brought.

## REQUIRED DISCLOSURES

23. Pursuant to Texas Rules of Civil Procedure 190 and 194, Defendant may be required to make initial disclosures, due within 30 days after the first answer is filed, unless otherwise agreed or changed by court order.

## INTENT TO USE DEFENDANT'S DOCUMENTS

24. In accordance with Texas Rules of Civil Procedure 193.7, any documents produced by Defendant in response to written discovery will be used by Plaintiff at any pre-trial proceeding or trial.

## INTENT TO USE U.S. LIFE TABLES

25. Plaintiff hereby notifies the Defendant of his intent to use U.S. Life Tables as published by the U.S. Government in trial of this matter.

## JURY DEMAND

26. Plaintiff requests a trial by jury on all issues herein and tenders the appropriate fee at the time of filing of this original petition.

27. Plaintiff has met all conditions precent to the filing of this lawsuit.

## DESIGNATED E-SERVICE EMAIL ADDRESS

28. The following is the undersigned attorney's designation of electronic service email address for all electronically served documents and notices, filed and unfiled, pursuant to Tex.R.Civ.P. 21(f)(2) & 21(a): **eservice@kastllaw.com**. This is the undersigned's ONLY electronic service email address, and service through any other email address will be considered invalid.

## PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff respectfully requests that Defendant be cited to appear and answer herein, and that upon a final hearing and trial of this cause, Plaintiff have judgment against Defendant for damages for monetary relief over $250,000.00 but not more than $1,000,000.00 which is within the jurisdictional limits of the

Court; together with pre-judgment interest from the date of injury through the date of judgment at the maximum rate allowed by law; post-judgment interest at the highest legal rate until the time the judgment is paid; costs of court; and such other and further relief to which Plaintiff may be justly entitled at law or in equity.

          Respectfully submitted,

          **KASTL LAW, P.C.**

          */s/ Kristina N. Kastl*
          **Kristina N. Kastl**
          State Bar No. 24025467
          Email: kkastl@kastllaw.com
          **Sorana G. Ban**
          State Bar No. 24061520
          Email: sban@kastllaw.com
          **Blake Hollingsworth**
          State Bar No. 24113368
          Email: bhollingsworth@kastllaw.com
          **Elizabeth A. Brammer**
          State Bar No. 24118337
          Email: ebrammer@kastllaw.com

          **4144 North Central Expressway, Suite 1000**
          **Dallas, Texas 75204**
          **Phone: (214) 821-0230**
          **Fax: (214) 821-0231**

          **ATTORNEYS FOR PLAINTIFF**

          **\*Please note and document Kastl Law, P.C.'s new e-serve address. All future e-serve notifications must be served at: eservice@kastllaw.com.**

          **Service is only effectuated if it is served through our eservice@kastllaw.com email. Any other Kastl Law, P.C. email is considered ineffective service.**